IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| J.H., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Case No. 2:25-cv-04221-WJE |
| McLARTY AUTOMOTIVE GROUP, | ) |
| LLC (D/B/A JOE MACHENS | ) |
| TOYOTA), and MAG MO LLC | ) |
| (D/B/A JOE MACHENS TOYOTA), | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion to Proceed Under Pseudonym. (Doc. 2). For the reasons that follow, Plaintiff's motion is **DENIED**.

The use of fictious names in legal proceedings "runs afoul of the public's First Amendment interest in public proceedings and their common law right of access thereto." *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1076 (8th Cir. 2024). The Eighth Circuit recently held that "a party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Id.* at 1077. Several factors that that may justify proceeding with pseudonymity include "(1) the party seeking anonymity was challenging government activity; (2) identification threatened to reveal information of a sensitive and highly personal nature; and (3) a party would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* Factors weighing against proceeding pseudonymously include "whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant, whether the public's interest in the case is furthered by requiring that the litigants disclose their identities, and whether there exist

alternative mechanisms that could protect the confidentiality of the litigants." *Id.* (internal citations omitted). These factors are non-exhaustive, and courts may consider other factors in their review. *Id.*

Prior to the Eighth Circuit's guidance in *Cajune*, district courts within the Circuit considering the issue weighed the same factors above, allowing plaintiffs to proceed under pseudonym if "the plaintiff would risk social stigma or physical threats" and "if the plaintiff is particularly vulnerable." *Victim One v. County of Jefferson*, No. 4:23-CV-00265-SPM, 2023 WL 4198233, at *2 (E.D. Mo. June 27, 2023); *see Cajune*, 105 F.4th at 1077 ("[T]he danger of retaliation is often a compelling ground in favor of anonymity."). Plaintiffs have been permitted to proceed under pseudonym in cases involving childhood sexual abuse, nonconsensual dissemination of private sexual images, and rape. *See Doe v. Heartland Ivy Partners LLC*, No. 24-CV-4347 (JWB/DJF), 2025 WL 26643, at *2 (D. Minn. Jan. 3, 2025); *Doe v. Sutton*, No. 4:23-CV-01312-SEP, 2025 WL 871656, at *4 (E.D. Mo. Mar. 20, 2025); *Cajune*, 105 F.4th at 1077. But the bar for what constitutes "social stigma" is high, and "courts have declined to allow plaintiffs to proceed pseudonymously where plaintiffs feared they would face disapproval by many in their community if they prosecuted the case under their real name." *Cajune*, 105 F.4th at 1077.

Plaintiff J.H. alleges employment discrimination and violations of Missouri law based on how J.H.'s employer treated her as a victim of domestic violence. (*See* Doc. 1). She alleges in one sentence in her Complaint that on one occasion, she was groped and subjected to sexual comments by other employees at her place of work, but that does not form the basis for any of her claims. (*Id.* ¶ 25). Plaintiff argues that she has a legitimate interest in proceeding under a pseudonym because she is the victim of an alleged domestic violence crime, which involves "intimate information." (Doc. 2 ¶ 2). Plaintiff further argues that her identity is already known to Defendants

McLarty Automotive Group and Mag Mo, and therefore proceeding under a pseudonym will not prejudice them. (*Id.* ¶ 3).

Domestic violence is an intimate crime. However, this Court is unaware of any instances of a District Court in this Circuit permitting a domestic violence survivor to proceed under a pseudonym in an action against a third-party. Plaintiff has not argued or alleged that revealing her identity would cause her to risk social stigma or physical threats. Being a known survivor of domestic violence does not carry a "social stigma" as that term is used in the law. *Cajune*, 105 F.4th at 1077 (noting that courts have declined pseudonymity where a plaintiff only fears "disapproval by many in [the] community"). Plaintiff has not shown how her identification would reveal information of a sensitive and highly personal nature. Although Plaintiff's identity is already known to the defendants and they will not face fundamental unfairness if she proceeds under a pseudonym, Plaintiff has not shown how her need for anonymity outweighs the "constitutionally embedded presumption of openness in judicial proceedings." *See Cajune*, 105 F.4th at 1076-77 (noting that pseudonymity "runs afoul of the public's First Amendment interest in public proceedings and their common law right of access thereto").

Plaintiff states that there is a "public interest in allowing litigation under [Mo. Rev. Stat. § 285.630]" to proceed pseudonymously but does not explain what that public interest is. (Doc. 2 ¶ 4). Missouri Revised Statute § 285.630 permits employees who are victims of domestic violence to take unpaid leave from work to address such violence through activities like attending medical appointments, obtaining victim services, obtaining counseling, or seeking legal assistance. Mo. Rev. Stat. § 285.630(1)-(5). The statute does not authorize the relief Plaintiff seeks through this Motion, and it is unclear how protecting Plaintiff's identity would further the public policy

goals underlying a statute allowing domestic violence victims to take unpaid leave from work to attempt to remedy their situations.

Here, Plaintiff alleges she was the victim of employment discrimination. Specifically, Plaintiff J.H. alleges that while working as a "runner" for the Defendants, her employer became aware of the domestic abuse she was suffering, did nothing about it, and fired her for a pretextual reason. These allegations do not raise a strong privacy interest such that were Plaintiff to proceed under her real name future victims might be deterred from coming forward. Therefore, the Court concludes that Plaintiff may not proceed under a pseudonym.

It is, therefore, **ORDERED** that Plaintiff's Motion to Proceed Under Pseudonym (Doc. 2) is DENIED.

Dated this 20th day of October, 2025, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
Chief United States Magistrate Judge